FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

98 FEB 25 AM 9: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WALTER LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 97-C-2969-NE |
| | ) | |
| JIMMY PUGH, MIKE BLAKELY, | ) | |
| JIM LANDER, STANLEY MENEFEE, | ) | |
| VANESSA GIRADO, and THE STATE | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
FEB 2 5 1998

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 3, 1998, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on February 17, 1998.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is

---

[1] The report and recommendation states that the plaintiff has state law remedies for loss of property claims. In his objections, the plaintiff intimates that he is being "denied" access to a law book and legal forms that he needs to file a state action. A plaintiff's claims are determined only by the statements in his complaint. In the plaintiff's amended complaint, which the plaintiff was told would be the only source for determining the claims he is making, he did not make this allegation. Thus, an access to court claim is not one of the claims before this court. (The plaintiff is free to bring this claim in another action filed with this court, but it is noted that he should be able to file a claim for a wrongful taking of property in the state court without the need of a law book or forms.)

16

ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b).

A Final Judgment will be entered.

    DATED this _24th_ day of _February_, 1998.

                                                 _____
                                                 U. W. CLEMON
                                                 UNITED STATES DISTRICT JUDGE

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Miguel J. Cortez
Clerk

In Replying Give Number
Of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $100 docket fee plus $5 filing fee (for a total of $105) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $105 fee to the clerk of the district court from which this case arose; or

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $105 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $105 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, **but the total $105 fee will be assessed against and will be deducted from future deposits to your prison account**.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $105 fee is collected, even if an appeal is unsuccessful.

MIGUEL J. CORTEZ
Clerk

PLRA Notice
Rev.: 6/96